# IN THE COURT OF APPEALS OF IOWA

No. 23-0419
Filed May 24, 2023

**IN THE INTEREST OF R.P.,**
**Minor Child,**

**R.P., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Linn County, Carrie K. Bryner, District Associate Judge.

A mother appeals the order terminating her parental rights to her minor child. **AFFIRMED.**

David R. Fiester, Cedar Rapids, for appellant mother.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Kimberly Opatz of the Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Ahlers and Badding, JJ.

**AHLERS, Judge.**

R.P. was born in 2017 and has already been the subject of three child-in-need-of-assistance (CINA) proceedings due to parenting deficiencies of both parents. In the third proceeding, both parents had appointed counsel to represent them. When things did not progress to the State's satisfaction, the State petitioned to terminate the parental rights of the parents. Neither parent applied for counsel in the termination-of-parental-rights case, and neither appeared at the termination hearing. The juvenile court received evidence from the State and the child's guardian ad litem and later issued an order terminating both parents' rights to the child. Only the mother appeals. She raises two issues. We review termination proceedings de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022).

First, the mother claims she was denied her federal due-process rights because the juvenile court proceeded with a termination hearing in her absence without counsel. We find this issue unpreserved for our review because it was not raised before the juvenile court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Here's how things transpired. The mother was served with notice of the termination proceedings and the termination hearing. The documents served on her included an application for court-appointed counsel. The mother did not submit the application. Nevertheless, she made contact with her attorney from the CINA proceedings. We know this because, at the time of the termination hearing, the attorney from the CINA proceedings appeared and informed the court that the

mother knew about the hearing but did not attend because she was giving a ride to someone else in her household, so she was not going to attend. No request for a continuance was made at that time by the mother or anyone acting on her behalf. Fourteen days after the termination hearing, but before the juvenile court ruled, the mother applied for court-appointed counsel. Her application was granted two days later. The juvenile court did not issue its ruling for another fifty-three days after the order appointing counsel. During that fifty-three-day period, the mother made no request to reopen the record, nor did she lodge any objection to the process that was followed or raise any constitutional challenge to that process. Under these circumstances, we find the mother has not preserved error on her claim that her federal due-process rights were violated.

Moving on from the mother's unpreserved procedural challenge, we turn to her substantive claims. The mother does not challenge the statutory grounds for termination.[1] Instead, she asserts that termination of her rights was not in the child's best interest due to the closeness of her bond with the child.

We agree with the mother that, in addition to proving statutory grounds for termination, the State was required to prove termination is in the child's best interests. *See In re D.W.*, 791 N.W.2d 703, 706–07 (Iowa 2010) ("If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights."). We also agree that, if the mother proved that termination would be detrimental to the child due to closeness of the

---

[1] The mother's rights were terminated under Iowa Code section 232.116(1)(b), (g), and (*l*) (2022).

parent-child relationship, we are permitted to deny termination. *See* Iowa Code § 232.116(3)(c) (stating that the court need not terminate rights if the court finds "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"); *In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018) (confirming that the exceptions in section 232.116(3) are permissive, not mandatory, and holding that the parent objecting to termination has the burden of establishing applicability of an exception). But we disagree with the mother that the State failed to prove termination is in the child's best interests or that she met her burden of proving the applicability of the exception in section 232.116(3)(c).

In deciding whether the State has met its burden to prove termination is in the child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021) (quoting Iowa Code section 232.116(2)). The mother's inability to successfully tackle her substance-abuse and mental-health problems has resulted in the termination of her rights to three other children and the waiver of reasonable-efforts requirements in the most recent CINA proceedings. As previously mentioned, the CINA proceedings leading to termination were the third such proceedings. The first CINA case closed by placing the child with the father due to the mother's unchecked substance-abuse problems. When problems developed in the father's home, the second CINA case was started. The mother participated in services in that case, so the case closed with the child placed with the mother. That success was short-lived, as three

months after the close of the second CINA case, the mother relapsed on methamphetamine, the child was removed, and the third CINA case started. Upon removal, the child tested positive for methamphetamine.

Since the start of the third CINA case, the mother has made little to no progress. Despite many services being offered, the mother has largely refused or neglected to participate in them, and she has been unable or unwilling to successfully address her substance-abuse and mental-health issues. She has relapsed on methamphetamine and avoided drug testing. *See In re R.A.*, No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021) (collecting cases noting missed tests are presumed positive for illegal substances). The mother has also failed to maintain consistent contact with the child by failing to exercise much of the visitation offered to her. *See In re J.H.*, 952 N.W.2d 157, 173 (Iowa 2020) (noting lack of visits as one factor supporting finding that termination of parental rights is in the child's best interests). In addition, the child is in a stable home with the child's grandmother, who intends to adopt if parental rights are terminated. *See id.* (noting a child's integration into a home with people who desire to adopt the child supports a finding that termination of parental rights is in the child's best interests). Considering all of the above details as part of our de novo review, we conclude termination of the mother's parental rights is in the child's best interests.

As for her contention that her bond with the child should preclude termination, that argument is not preserved for our review because she never urged the juvenile court to forgo termination on that basis as she was not present at the termination hearing. *See In re E.W.*, No. 22-0647, 2022 WL 2347196, at *3

(Iowa Ct. App. June 29, 2022) (finding parent's close-bond argument unpreserved because the parent never asserted it to the juvenile court); *A.S.*, 906 N.W.2d at 476 (requiring the parent resisting termination to establish applicability of a permissive exception). That said, even if the mother had preserved this claim for our review, for many of the same reasons we find termination of the mother's rights is in the child's best interests, we conclude the mother cannot establish that termination should be denied due the closeness of the parent-child bond. *See* Iowa Code § 232.116(3)(c). While the mother contends she shares a close bond with the child, she points to no evidence supporting her contention. But even if we were to assume such a bond exists, the existence of a bond is not enough. *See A.B.*, 956 N.W.2d at 169. To apply the permissive exception to termination based on the parent-child bond, the mother must prove that termination would be detrimental to the child to that bond. *Id.* (citing Iowa Code § 232.116(c)(3)). That proof is lacking here. The child is doing well with her grandmother who intends to adopt. In contrast, when in the care of her parents, the child has repeatedly tested positive for methamphetamine and been subjected to instability and uncertainty. The record here does not establish that terminating the mother's parental rights would be detrimental to the child due to the closeness of any parent-child bond, so the permissive exception found in section 232.116(3)(c) does not apply.

Because termination of the mother's parental rights is in the child's best interests and the "close bond" permissive exception to termination does not apply, we affirm the order terminating the mother's parental rights.

**AFFIRMED.**